IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3164-D

JESSE DWAYNE WARD,                )
                                  )
            Plaintiff,            )
                                  )
      v.                          )         **ORDER**
                                  )
TOMMY TURNER, et al.,             )
                                  )
            Defendants.           )

On July 30, 2025, Jesse Dwayne Ward ("Ward" or "plaintiff"), a state inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983, alleging violations of his Fourteenth Amendment due process rights in connection with his security risk group ("SRG") classification [D.E. 1, 2]. As explained below, the court dismisses the action.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 192–93 (4th Cir. 2009).

Ward is incarcerated at Pender Correctional Institution. See N.C. Dep't of Adult Corr., Offender Pub. Info., https://www.ncinmatesearch.org/NC_DPS.html (search by inmate number 0534916) (last visited Oct. 6, 2025).[1] The allegations of Ward's complaint arose at Tabor Correctional Institution in 2019, where "SRG staff . . . specifically [defendant] Tommy Turner mistakenly classified [Ward] as SRG [level] 1, because of alleged tattoos related to Aryan Brotherhood Gang." [D.E. 1] 5; see id. at 7. "Upon re-entry into NCDAC in January 2024 [Ward] was again classified as SRG [level] 1 because of this mistake made by SRG classification staff [at] Tabor[.]" Id. at 5. Ward asks the court to order defendants to remove his SRG classification and "seek[s] monetary damages in excess of $200,000." Id. at 8.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must plausibly allege the personal involvement of a

---

[1] The court cautions Ward to timely inform the court of any future change of address. See Local Civ. R. 83.3.

2

defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

The Fourteenth Amendment's Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1; accord Meachum v. Fano, 427 U.S. 215, 223 (1976). To determine whether a defendant violated due process, the court initially must determine whether a protected liberty or property interest exists. See Sandin v. Conner, 515 U.S. 472, 483–84 (1995). To demonstrate a protected liberty interest, "a prisoner must show (1) denial of an interest that can arise either from the Constitution itself or from state laws or policies, and that (2) this denial imposed on him an atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Prieto v. Clarke, 780 F.3d 245, 251 (4th Cir. 2015) (quotations omitted).

Ward's "designation as a SRG member is nothing more than a security classification used by the prison. Moreover, [Ward] does not allege any facts showing that his current state of confinement poses an atypical and significant hardship in relationship to the ordinary incidents of prison life. Thus, [Ward] fails to state a due process claim based on his SRG classification." Allen v. Taylor, No. 1:17-CV-228, 2018 WL 3613999, at *4 (W.D.N.C. July 27, 2018) (unpublished); see Boykins v. Locklear, No. 1:24-CV-174, 2024 WL 967657, at *2 (M.D.N.C. Mar. 6, 2024) (unpublished), report and recommendation adopted, 2024 WL 1285672 (M.D.N.C. Mar. 26, 2024) (unpublished); Harrison v. Bullard, No. 5:23-CT-3079, 2024 WL 102215, at *4 (E.D.N.C. Jan. 9, 2024) (unpublished), aff'd sub nom., Harrison v. Bullock, No. 24-6128, 2024 WL 3580503 (4th Cir. July 30, 2024) (per curiam) (unpublished); Locke v. Solomon, No. 3:17-CV-337, 2017 WL 5474059, at *3 (W.D.N.C. Nov. 14, 2017) (unpublished). Accordingly, the court dismisses the action.

3

In sum, the court DISMISSES WITHOUT PREJUDICE the action for failure to state a claim under 28 U.S.C. § 1915A(b)(1). The clerk shall close the case and send a copy of this order to Ward at his current place of incarceration.

SO ORDERED. This 7 day of October, 2025.

JAMES C. DEVER III
United States District Judge